UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARYANN K. BRUDER,

Case No.:  05-74511

                      Plaintiff,

Honorable Julian Abele Cook, Jr.

v.

ERIC SMITH and MACOMB COUNTY,

                      Defendants.

ORDER

      This is a case in which the Plaintiff, Maryann K. Bruder, contends that the Defendants, Macomb County Prosecutor Eric Smith and Macomb County (Michigan), violated her civil rights under the Fifth and Fourteenth Amendments to the United States Constitution.  In her complaint, Bruder maintains that the Defendants knowingly and intentionally (1) deprived her of a fundamental right to due process under the United States Constitution and (2) committed unlawful and illegal acts of retaliation against her as an employee of the Prosecutor's Office in Macomb County, Michigan.

      On July 15, 2008, Bruder filed a motion in which she sought to have the Court preclude the Defendants from (1) introducing an arbitration opinion and award into evidence during a trial, and (2) making any reference to an arbitration proceedings between the parties. Bruder's motion was granted by the Court on December 11, 2008.  Twelve days later, the Defendants filed a motion in which they asked the Court to reconsider its December 11th directive.

      According to the Local Rules for the Eastern District of Michigan, an aggrieved party who seeks to obtain the reconsideration of an order must initially establish the existence of "a palpable

defect by which the court and the parties have been misled." E.D.Mich. LR 7.1(g)(3). Thereafter, the moving party must also demonstrate that "correcting the defect will result in a different disposition of the case." *Id.* In addition, this Local Rule provides that "motions for . . . reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication . . . " will not be granted. *Id.*

In their motion, the Defendants contend that the Court committed a palpable error when it (1) determined that any reference to the arbitration proceedings between the parties would not be admitted during the trial; (2) relied upon an alleged misstatement of "the law of the case" doctrine by referencing its prior decision that Bruder's fundamental civil rights had been violated during the *Loudermill*[1] hearing on October 5, 2005; (3) did not consider their arguments which addressed the relevancy between the arbitration proceedings and Bruder's due process claim; (4) failed to acknowledge that the arbitrator had addressed pertinent issues as to whether their conduct as an employer was (a) "arbitrary, capricious, or discriminatory," and (b) "otherwise not in accordance with the law;" and (5) did not consider the alternate remedy of admitting the evidence along with a limiting instruction to the jury.

In its challenged order of December 11, 2008, the Court concluded that, inasmuch as the arbitration took place *after* the dates on which Bruder was allegedly subjected to wrongful acts of retaliation by the Defendants, the introduction of evidence relating to these proceedings was not relevant. In rendering its decision, the Court fully acknowledged that, notwithstanding the Defendants' assertions to the contrary, the arbitrator's decision clearly focused on whether Bruder's termination of employment was "arbitrary, capricious or discriminatory" and not if it was rendered

---

[1] *Cleveland Board of Education v. Loudermill et al*, 470 U.S. 532 (1985).

"in accordance with the law."  As a result, the Court was persuaded that the arbitration proceedings were irrelevant to the ultimate issue inasmuch as the danger of unfair prejudice outweighed its probative value.

After carefully reading and evaluating the current motion and supporting brief, the Court concludes that the arguments, which have been advanced by the Defendants, are substantively the same as those proffered in its original response to Bruder's motion in limine. Thus, it is readily apparent to the Court that the Defendants have "merely present[ed] the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3).  Therefore and for the reasons that have been stated above, the Defendants' motion for reconsideration  must be, and is, denied.

IT IS SO ORDERED.


Dated: <u>September 30, 2009</u>                      <u>S/Julian Abele Cook, Jr.</u>
          Detroit, Michigan                              JULIAN ABELE COOK, JR.
                                                         United States District Judge



<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 30, 2009.


                                        <u>s/ Kay Doaks</u>
                                        Case Manager

3