UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARYANN K. BRUDER,

                                                        Case No.: 05-74511

        Plaintiff,                    Honorable Julian Abele Cook, Jr.

v.

ERIC SMITH and MACOMB COUNTY,

        Defendants.

ORDER

The Defendants, Eric Smith and Macomb County, have been accused by the Plaintiff, Maryann K. Bruder, of committing acts which encroached upon her fundamental rights under the Fifth and Fourteenth Amendments to the United States Constitution. According to Bruder, the Defendants knowingly and intentionally (1) deprived her of a fundamental right to due process as guaranteed by the United States Constitution and (2) retaliated against her as a Macomb County prosecutor.

On December 11, 2008, the Court granted Bruder's motion in limine and, in so doing, determined that the Defendants' proposal to enter an arbitration opinion and award into evidence during a trial should be rejected.[1] Twelve days later (December 23, 2008), the Defendants filed their own motion in limine which is designed to prevent Bruder from pursuing any claims for economic damages. In support of their motion, the Defendants refer to an order of December 22,

---

[1] On September 29, 2009, the Defendants' motion for reconsideration of the December 11th order was denied.

2005 wherein the Court granted Bruder's request for the entry of a preliminary injunction. This referenced order directed the Defendants to (1) reinstate Bruder to her position as an Assistant Prosecuting Attorney, and (2) grant back pay, commencing on October 27, 2005 (the date of her challenged termination). The Defendants note that they fully complied with this Court order and, thereafter, placed Bruder on paid administrative leave while her grievance process was pending. Under these circumstances, it is the position of the Defendants that once the arbitrator issued an opinion which denied Bruder's grievances against them, any additional claims for economic damages were tolled.

The Plaintiff disagrees and argues that, despite having been compensated during her suspension from employment, she was denied a "step raise" in her pay in the amount of $1,003.63. Bruder further submits that she should be given an opportunity to proffer evidence of the Defendants' failure to compensate her between the dates of her termination and the order of December 22, 2005. While acknowledging that she cannot obtain a double recovery for these lost wages, it is Bruder's contention that such evidence is relevant for the secondary purpose of establishing her claim for emotional, mental and punitive damages.

The Defendants have presented evidence which suggests that, contrary to Bruder's contention, she was not automatically entitled to a "step raise." Based on the Defendants' proffer of evidence, it appears that such a raise usually requires the approval of a supervisor. Notwithstanding this claim, the Defendants have failed to produce conclusive proof that such an administrative approval was required in order for Bruder to be eligible for the "step raise" at issue here. It thus appears that this issue presents a question of fact that must be resolved by the jury.

On the basis of the foregoing, the Court will grant the Defendants' motion in limine in part and deny it in part. With the exception of the $1,003.63 "step raise" which Bruder seeks to recover from the Defendants, she is precluded from claiming economic damages as part of her claims in this lawsuit.

IT IS SO ORDERED.

Dated: September 30, 2009          S/Julian Abele Cook, Jr.
       Detroit, Michigan          JULIAN ABELE COOK, JR.
                                          United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 30, 2009.

                                          s/ Kay Doaks
                                          Case Manager