UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARYANN K. BRUDER,

                Plaintiff,

Case No.:  05-74511
Honorable Julian Abele Cook, Jr.

v.

ERIC SMITH and MACOMB COUNTY,

                Defendants.

ORDER

Shortly after the close of business on February 2, 2009, the Defendants, Eric Smith (Smith) and Macomb County, filed a motion seeking to obtain the dismissal of this case because the Plaintiff, Maryann K. Bruder, had failed to submit a final pretrial order to the Court in a timely manner. In their motion, they contend that Bruder's conduct violated Rule 16.2 of the Local Rules for the Eastern District of Michigan,[1] as well as the Court's directive of July 27, 2007. After the case was stayed for sixty days in order to allow Bruder to resolve an allegedly strained relationship with her attorney,[2] she, acting with the assistance of counsel, filed a response in opposition to the Defendants' motion on May 5, 2009. According to Bruder, the

---

[1] E.D.Mich. R. 16.2 provides:

> The parties shall furnish a joint final pretrial order in every civil case at, or if the judge requires, before the final pretrial conference. . . . Counsel for plaintiff(s) or a plaintiff without counsel shall compile the order. Counsel for all parties and any party without counsel shall approve and sign the order.

[2] Docket Entries at #68, #74.

1

Defendants filed the request for dismissal prematurely and in bad faith.

In support of their motion, the Defendants note that the scheduling order of July 27, 2007 directs the parties to prepare the final pretrial order in accordance with E.D. Mich. R. 16.2.  In addition, they make reference to another order of the Court (dated July 21, 2008) which required the parties to submit a joint pretrial order on or before February 2, 2009.  The Defendants also complain that Bruder neither contacted them to discuss the preparation of the joint pretrial order nor ever submitted any proposed document for their input.  As a result, the Defendants prepared their portion of the joint order and emailed it to Bruder on January 30, 2009.  According to the Defendants, Bruder never responded.

In her response to the pending motion to dismiss, Bruder asserts that the Defendants prematurely filed their dispositive request for relief on February 2, 2009 - the same day on which the final pretrial order was due to have been filed. Although Bruder acknowledges the accuracy of the date on which the Defendants' portion of the proposed joint order was received by her, she contends that this submission was defective inasmuch as certain issues and facts which had been determined to be inadmissible by the Court were erroneously inserted by them.  Notwithstanding these objections, Bruder included a proposed joint final pretrial order as an attachment to her response to the Defendants' motion.[3]

According to Rule 16.2, a plaintiff - such as Bruder - is obliged to compile the order and convene a conference for the parties to meet, confer and collaborate in preparation of the proposed document. E.D. Mich. R. 16.2.  If a party fails to cooperate with its obligations under

---

[3] Bruder is directed to file this joint pretrial order with the Clerk of the Court within a period of seven (7) days from the date of this opinion.

Rule 16.2, a court has a variety of options, including the imposition of sanctions, refusing to permit testimony or evidence, and ultimately, dismissing the claims.[4]  *Id.*  Here, the Court initially directed the parties to file their joint pretrial order on March 24, 2008.  In an effort to accommodate the parties, and at their mutual request, the Court extended their filing date to May 23, 2008, then to July 21, 2008 and finally, to February 2, 2009.

In her response, Bruder does not deny that she failed to file a joint pretrial order prior to the February 2, 2009 deadline.  Instead, she claims that her inability to do so was caused by the Defendants' refusal to cooperate or further the discuss the matter on February 2, 2009.  Rule 15 of the Electronic Filing Policies and Procedures for the Eastern District of Michigan provides that those electronic documents which are filed on or before midnight on a given day are considered to have been timely filed.  In light of this policy, it appears that Bruder is correct in asserting that there was still time left for her to comply with the scheduling order of the Court when she sought the Defendants' input on February 2, 2009.  The Defendants have not pointed to any other attempt by Bruder to unreasonably delay the trial, or engage in dilatory tactics designed to impede the progress of the litigation.

Notwithstanding the authority which has been conferred upon the Court by Rule 16.2, the dismissal of a party's claim – as the Defendants request here – is a harsh sanction.  The Court holds a similar view of the Defendants' alternate request to preclude Bruder from presenting any witness testimony or admitting exhibits at trial.  The Sixth Circuit has opined that, although bad

---

[4]Specifically, Rule 16.2(c) provides that "[f]or failure to cooperate in preparing or submitting the joint final pretrial order or failure to comply strictly with the terms of the joint final pretrial order, the Court may dismiss claims, enter default judgment, refuse to permit witnesses to testify or to admit exhibits, assess costs and expenses, including attorney fees, or impose other appropriate sanctions."

faith is not a prerequisite to the remedies authorized by Rule 16.2(c), "the attorney's conduct must fall short of the obligations owed by a member of the bar to the court and . . . cause additional expense to the opposing party." *Bawle v Rockwell Intern. Corp.*, 79 Fed. Appx. 875, 878 (6th Cir. 2003).  The Defendants have failed to identify any conduct on the part of Bruder or her counsel that would justify the imposition of the requested extraordinary sanctions.[5]

Accordingly, the Defendants' motion to dismiss is denied.

IT IS SO ORDERED.

Dated:  September 30, 2009                S/Julian Abele Cook, Jr.
        Detroit, Michigan                 JULIAN ABELE COOK, JR.
                                          United States District Judge


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 30, 2009.

                                          s/ Kay Doaks
                                          Case Manager

---

[5] Bruder is warned that any future failure or refusal to abide by the Local Rules of this District and/or the orders of the Court may result in such sanctions as may be deemed to be appropriate and authorized by law.