UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARYANN K. BRUDER,

    Plaintiff,

v

ERIC SMITH, Individually, and in his capacity as Macomb County Prosecutor, and MACOMB COUNTY, Jointly and Severally,

    Defendants.

_____ /

Hon. Julian Abele Cook, Jr.

Magistrate Donald A. Scheer

Case No.: 2:05-cv-74511

**DEFENDANTS' SECOND MOTION TO DISMISS FOR PLAINTIFF'S VIOLATION OF LOCAL RULE 16.2 AND THE COURT'S ORDERS**

**BRIEF IN SUPPORT**

**EXHIBIT**

**CERTIFICATE OF SERVICE**

KITCH DRUTCHAS WAGNER
VALITUTTI & SHERBROOK

KAREN B. BERKERY (P38698)
LORI KEEN ADAMCHESKI (P69674)
Attorneys for Defendants
Eric Smith and Macomb County
One Woodward Avenue, Suite 2400
Detroit, MI 48226-5485
(313) 965-2911
lori.adamcheski@kitch.com

NOW COME the Defendants, ERIC SMITH and MACOMB COUNTY, by and through their attorneys, KITCH DRUTCHAS WAGNER VALITUTTI & SHERBROOK, and for their Motion to Dismiss for Plaintiff's Violation of Local Rule 16.2 and the Court's Orders, state as follows:

1. Defendants sought concurrence in this Motion from Plaintiff via telephone conference on October 8, 2009; however, concurrence was not forthcoming.

2. Defendants bring this Second Motion To Dismiss based upon (1) the affirmative directive by Plaintiff Maryann Bruder to her counsel, Alex Lyzohub that he not collaborate with Defendants in preparing the Joint Pretrial Order, which was due on October 7, 2009, and (2) the filing on October 6, 2009 by plaintiff's counsel, at Ms. Bruder's direction and insistence, of a proposed Pretrial Order prepared unilaterally by plaintiff in violation of the court rules and the orders of this Court.

3. As set forth by Defendants in their Objection to that Pretrial Order filed on October 6, 2009, the purported proposed Joint Pretrial Order prepared unilaterally without collaboration by Defendants, and filed at the insistence of plaintiff Bruder fails to include information which Defendants requested be included, and which should and must be included in order to proceed to trial in this matter.

4. Plaintiff's current actions, in light of her prior violations of the court rules and orders of this Court, and the prior order of the Court warning of sanctions for such misconduct in the future, as set forth below, compels the conclusion that plaintiff must now be subject to sanction.

1

5. Plaintiff Maryann Bruder ("Plaintiff") filed this action against Defendants Eric Smith and Macomb County ("Defendants") alleging that she was denied procedural due process under 42 U.S.C. § 1983, claiming, she was not afforded a *Loudermill* hearing, as well as a retaliation claim, and a liberty interest claim.

6. The Court's July 27, 2007 Scheduling Order sets forth that "[t]he policies and practices of all counsel with regard to the preparation and filing of the Final Pretrial Order are governed by E.D. Mich. LR16.2." (Docket No. 33 at p. 4).

7. Local Rule 16.2(a) states, in pertinent part:

> Counsel for plaintiff(s) or a plaintiff without counsel shall convene a conference for all parties to confer and collaborate in formulating a concise joint final pretrial order. Counsel for plaintiff(s) or a plaintiff without counsel shall compile the order. Counsel for all parties and any party without counsel shall approve and sign the order. Counsel for plaintiff(s) or a plaintiff without counsel shall submit an original and one copy of the order to the assigned Judge for approval and adoption.

8. On or about February 2, 2009, Defendants filed a Motion to Dismiss for Failure to Comply with Local Rule 16.2 and the Court's Order because Plaintiff refused to confer and collaborate in the preparation of the Joint Final Pretrial Order, and refused to respond to defendants' requests that she do so.

9. While the Court denied Defendants' first Motion, in its September 30, 2009 Order denying Defendants' Motion to Dismiss, the Court indicated that Local Rule 16.2 obligated Bruder to "compile the order and convene a conference for the parties to meet, confer and collaborate in preparation of the proposed document." (Docket No. 80 at p. 2).

Kitch Drutchas Wagner Valitutti & Sherbrook
Attorneys & Counselors At Law
One Woodward Avenue, Suite 2400
Detroit, MI 48226-5485
(313) 965-7900

10. The Court's Order further warned Ms. Bruder that "any future failure or refusal to abide by the Local Rules of this District and/or the orders of the Court may result in such sanctions as may be deemed to be appropriate and authorized by law." (Emphasis added). (Docket No. 80, p. 4 at n. 5).

11. Despite the requirements set forth in Local Rule 16.2 and in the Court's September 30, 2009 Order (Docket No. 80), on October 6, 2009, Bruder has again refused to confer and collaborate with Defendants in the preparation of the Joint Final Pretrial Order.

12. On or about October 6, 2009, Bruder filed Plaintiff's Version of the Final Pretrial Order in violation of Local Rule 16.2 and the above-referenced Orders issued by this Court. **Ex. I.**

13. As set forth in Defendants' Objection filed with this Court on October 6, Plaintiff's version of the order is not in proper form and does not include any of Defendants' amendments or revisions, including but not limited to those reflecting the Court's recent orders or Defendants' objections to Plaintiff's witnesses, experts and exhibits which were not previously disclosed by Plaintiff in initial disclosures or earlier witness lists.

14. Local Rule 16.2(c) states:

> For failure to cooperate in preparing or submitting the joint final pretrial order or failure to comply strictly with the terms of the joint final pretrial order, the Court may dismiss claims, enter default judgment, refuse to permit witnesses to testify or to admit exhibits, assess costs and expenses, including attorney fees, or impose other appropriate sanctions.

WHEREFORE, Defendants respectfully request that this Court grant their Motion to Dismiss and award Defendants costs and attorney fees, or at a minimum, that Plaintiff be precluded from presenting any witness testimony or admitting exhibits at trial, and for such other further relief as this Court may deem just and equitable.

          Respectfully submitted,

          Kitch Drutchas Wagner Valitutti & Sherbrook

          By: s/ Lori Keen Adamcheski
              Karen B. Berkery (P38698)
              Lori Keen Adamcheski (P69674)
              ATTORNEYS FOR DEFENDANTS
              ERIC SMITH AND MACOMB COUNTY
              One Woodward Avenue, Suite 2400
              Detroit, MI 48226-5485
              (313) 965-2911

Dated: October 8, 2009          lori.adamcheski@kitch.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARYANN K. BRUDER,    /

    Plaintiff,

v

ERIC SMITH, Individually, and in his capacity as Macomb County Prosecutor, and MACOMB COUNTY, Jointly and Severally,

    Defendants.

Hon. Julian Abele Cook, Jr.

Magistrate Donald A. Scheer

Case No.: 2:05-cv-74511

**BRIEF IN SUPPORT OF DEFENDANTS' SECOND MOTION TO DISMISS FOR PLAINTIFF'S VIOLATION OF LOCAL RULE 16.2 AND THE COURT'S ORDER**

Kitch Drutchas Wagner Valitutti & Sherbrook
Attorneys & Counselors At Law
One Woodward Avenue, Suite 2400
Detroit, MI 48226-5485
(313) 965-7900

**STATEMENT OF ISSUES PRESENTED**

Should the Court grant Defendants' Motion to Dismiss for Violation of Local Rule 16.2, the Court's July 27, 2007 Scheduling Order and the Court's September 30, 2009 Order Denying Defendants' Motion to Dismiss because Plaintiff Maryann Bruder has again refused to confer and collaborate in formulating a concise joint final pretrial order?

        Defendants answer:        Yes

        Plaintiff answers:        No

Should the Court award sanctions, including but not limited to costs and attorney fees, pursuant to Local Rule 16.2(c) and/or Local Rule 11.1, as Plaintiff Maryann Bruder knowingly violated Local Rule 16.2 and the Court's Scheduling Order and September 30, 2009 Order Denying Defendants' Motion to Dismiss and refused to cooperate in preparing or submitting the joint final pretrial order?

        Defendants answer:        Yes

        Plaintiff answers:        No

Alternatively, should the Court preclude Plaintiff, at a minimum, from introducing witnesses to testify or from admitting exhibits at trial due to her refusal to confer and collaborate with Defendants in preparing the joint final pretrial order pursuant to Local Rule 16.2 and the Court's July 27, 2007 Scheduling Order and the September 30, 2009 Order Denying Defendants' Motion to Dismiss?

        Defendants answer:        Yes

        Plaintiff answers:        No

## CONTROLLING AUTHORITY

In support of their Motion to Dismiss, Defendants rely upon Local Rule 16.2, the Court's July 27, 2007 Scheduling Order (Docket No. 33) and the Court's July 21, 2008 Stipulated Order to Adjourn Scheduling Dates (Docket No. 56).

Local 16.2(a) states, in pertinent part:

> Counsel for plaintiff(s) or a plaintiff without counsel shall convene a conference for all parties to confer and collaborate in formulating a concise joint final pretrial order. Counsel for plaintiff(s) or a plaintiff without counsel shall compile the order. Counsel for all parties and any party without counsel shall approve and sign the order. Counsel for plaintiff(s) or a plaintiff without counsel shall submit an original and one copy of the order to the assigned Judge for approval and adoption.

In addition, Local 16.2(c), states:

> For failure to cooperate in preparing or submitting the joint final pretrial order or failure to comply strictly with the terms of the joint final pretrial order, the Court may dismiss claims, enter default judgment, refuse to permit witnesses to testify or to admit exhibits, assess costs and expenses, including attorney fees, or impose other appropriate sanctions.

KITCH DRUTCHAS
WAGNER VALITUTTI &
SHERBROOK
ATTORNEYS & COUNSELORS AT
LAW
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MI 48226-5485
(313) 965-7900

**BRIEF IN SUPPORT**

In support of their Second Motion to Dismiss, Defendants rely upon the information set forth in their Motion above. Defendants further rely upon the following:

- Local Rule 16.2

- The July 27, 2007 Scheduling Order (Docket No. 33)

- Defendants' February 2, 2009 Motion to Dismiss, Brief in Support and supporting exhibits (Docket No. 67)

- The September 30, 2009 Order Denying Defendants' Motion to Compel (Docket No. 80).

In addition, Defendants rely upon the additional facts and arguments set forth below in support of their Second Motion to Dismiss.

**FACTS**

A.  *Defendants' February 2, 2009 Motion to Dismiss for Failure to Comply with Local Rule 16.2 and the Court's Order*

Pursuant to the July 21, 2008 Stipulated Order to Adjourn Scheduling Order Dates, the parties were to submit a Joint Pretrial Order by February 2, 2009. (Docket No. 56 at p. 3). Because Plaintiff's counsel did not contact defense counsel to schedule a conference about the Final Pretrial Order, Defense counsel contacted Plaintiff's counsel via email on January 30, 2009 to provide Defendants' portion of the Final Pretrial Order. Defense counsel did not receive any response to its January 30, 2009 email. As of the close of business on February 2, 2009, Defendants still had not heard from Plaintiff or Plaintiff's counsel. (Plaintiff is a licensed attorney in the State of Michigan).

1

Consequently, Defendants filed a Motion to Dismiss for Failure to Comply with Local Rule 16.2 and the Court's Order on February 2, 2009. (Docket No. 67). In response to this Motion, Plaintiff admitted that she did not confer with defendants, or file the joint final pretrial order on February 2, 2009 as required under the Court's Order (Docket No. 76), and instead submitted Plaintiff's version as Exhibit A to her response. (Docket No. 76-2).

On or about September 30, 2009, the Court issued an Order denying Defendants' Motion to Dismiss, which set forth that Local Rule 16.2 obligated Bruder to "compile the order and convene a conference for the parties to meet, confer and collaborate in preparation of the proposed document." (Docket No. 80 at p. 2). The Court ordered that "Bruder is directed to file this *joint* pretrial order with the Clerk of the Court within a period of seven (7) days from the date of this opinion." (emphasis added). (Docket No. 80, p. 2 at n. 3).

B.  *Plaintiff's refusal to comply with Local Rule 16.2 and the Court's September 30, 2009 Order (Docket No. 80)*

Following this September 30, 2009 order, and initially in compliance therewith, Plaintiff's counsel, Alex Lyzohub contacted Defense counsel to discuss the joint final pretrial order, specifically whether Defendants intended to amend its portion or if the version attached in Plaintiff's response to Defendants' Motion to Dismiss could be filed. **Ex. A.** Defense counsel advised that it would provide Mr. Lyzohub with an amended copy of Defendants' portion of the final pretrial order. **Exs. B and C.** Further, Defense counsel advised Mr. Lyzohub of its concerns with Plaintiff's version, including that it was in improper form and that it failed to include parts of Defendants' portion, and that things

KITCH DRUTCHAS WAGNER VALITUTTI & SHERBROOK
ATTORNEYS & COUNSELORS AT LAW
ONE WOODWARD AVENUE, SUITE 2400
DETROIT, MI 48226-5485
(313) 965-7900

such as the proposed stipulated facts had not been discussed or designated as contested issues of fact. **See Exs. B and C.** As such, Mr. Lyzohub and the undersigned agreed to have a telephone conference on Monday, October 5, 2009 to further discuss and collaborate on the joint final pretrial order. **Ex. C.**

Defense counsel prepared an amended version of Defendants' portion of the final pretrial order, which was emailed to Mr. Lyzohub prior to the scheduled October 5, 2009 telephone conference. **Ex. D.** In particular, Defendants amended its portion of the final pretrial order to reflect the Courts' September 30, 2009 orders. *Id.* In addition, Defendants added objections to Plaintiff's witnesses, experts and exhibits. *Id.* These objections addressed not only evidentiary concerns such as relevancy and foundational problems, but the fact that Plaintiff Bruder failed to previously disclose certain witnesses, experts, and exhibits in accordance with the court rules and the Court's Scheduling Order. *Id.* In addition, Defendants also amended its portion where necessary to address Plaintiff's claims and objections. *Id.* Defense counsel spent approximately six and a half (6.5) hours reviewing and analyzing Plaintiff's portion of the pretrial order and preparing an amended version of Defendants' portion in order to comply with Local Rule 16.2 and the Court's Orders. *Id.*

On October 5, 2009, Mr. Lyzohub and the undersigned held a telephone conference wherein Mr. Lyzohub agreed that the parties should confer and collaborate on the joint final pretrial order pursuant to Local Rule 16.2 and the Court's Order. **See Exs. C and D.** Mr. Lyzohub and the undersigned began to work out details as to finalizing the joint final pretrial order, including that Mr. Lyzohub would compile the

Kitch Drutchas
Wagner Valitutti &
Sherbrook
Attorneys & Counselors At
Law
One Woodward Avenue,
Suite 2400
Detroit, MI 48226-5485
(313) 965-7900

parties' separate portions of the order into a single document and email same to the undersigned the following morning.

On the morning of October 6, 2009, shortly after the undersigned received the compiled draft of the joint final pretrial order from Mr. Lyzohub via email **(Ex. E)**, Mr. Lyzohub telephoned the undersigned to advise that his client, Maryann Bruder, and her "new attorneys" refused to allow him to make any changes to plaintiff's original version of the joint final pretrial order and insisted that he file only Plaintiff's version of the order in the form attached to Plaintiff's Response to the February 2, 2009 Motion to Dismiss. ***See* Ex. F.** Defense counsel advised that defendants would not agree to the filing of Plaintiff's version of the Final pretrial order. Following this telephone conference, at approximately 10:10 a.m., Mr. Lyzohub sent an email, which stated:

> Please be advised that I have been instructed by my client and her new attorney, Jason Sakis, of the law firm Sakis & Sakis, to submit Plaintiff's version of the proposed Joint Final Pretrial Order as attached to my Response to your Motion to Dismiss. I am not authorized to make one change of any kind. Given that, and barring a Court Order to the contrary, I shall be submitting Plaintiff's version as written. *Id.*

At approximately 10:29 a.m., Defense counsel received a second email from Mr. Lyzohub, which stated:

> Please be advised that I just received a fax from Ms. Bruder indicating that our office should add one additional witness to her list.
>
> I have added therapist, Theresa Lingi as witness #43. I have attached the updated Plaintiff's version of the JFPTO for your reference. **Ex. G.**

Following this series of events on October 6, 2009, Defense counsel sent written correspondence to Mr. Lyzohub, which reiterated that defendants would not agree to Plaintiff's version of the final pretrial order and indicated that Defendants were still

KITCH DRUTCHAS
WAGNER VALITUTTI &
SHERBROOK
ATTORNEYS & COUNSELORS AT
LAW
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MI 48226-5485
(313) 965-7900

4

committed to working with Plaintiff to prepare the joint final pretrial order as required under Local Rule 16.2 and the Court's Orders. **Ex. H.** The undersigned also provided her availability to meet or confer by telephone to finalize the final pretrial order. *Id.*

In addition to the six and a half (6.5) hours of analysis and preparation of the amended joint final pretrial order, Defendants incurred approximately three and a half (3.5) additional hours in attorney fees for communications with Mr. Lyzohub over the last week through written correspondence, emails, and telephone calls when collaborating on the final pretrial order. *Id.*

Nonetheless, shortly thereafter, on October 6, 2009, Defense counsel received another email from Mr. Lyzohub's assistant advising that Plaintiff's version of the pretrial order had been filed with the court. **Ex. I.**

Defendants immediately filed an objection to Plaintiff's Joint Final Pretrial Order which outlined its objection that Plaintiff Bruder refused to confer and collaborate on the preparation of the final pretrial order as required under Local Rule 16.2 and the Court's July 27, 2007 Scheduling Order and September 30, 2009 Order Denying Defendants' Motion to Dismiss. (Docket No. 81). This objection outlined that Ms. Bruder refused to allow Defendants to make any amendments or revisions to the joint final pretrial order, including but not limited to:

    A.    Amendments reflecting the three (3) orders issued by the Court on September 30, 2009

    B.    Objections to Plaintiff's witnesses, including those not previously disclosed in initial disclosures as required under Fed. R. Civ. P. 26 or on Plaintiff's witness list as required under the Court's Scheduling Order [Docket No. 33]

Kitch Drutchas Wagner Valitutti & Sherbrook
Attorneys & Counselors At Law
One Woodward Avenue, Suite 2400
Detroit, MI 48226-5485
(313) 965-7900

C.  Objections to Plaintiff's expert witnesses, none of which were previously disclosed during discovery and/or as required under Fed. R. Civ. P. 26 or required by the Court's Scheduling Order [Docket No. 33]

D.  Objections to Plaintiff's exhibits, including those not previously disclosed in initial disclosures as required under Fed. R. Civ. P. 26.

E.  Incorporation of Defendants' proposed stipulated facts and/or contested issues of fact into the order. (Docket No. 81).

## ARGUMENT

The plain language of Local Rule 16.2 requires Plaintiff to convene a conference for all parties to <u>confer and collaborate</u> in formulating a concise joint final pretrial order. In addition, the Court's July 27, 2007 Scheduling Order also sets forth that the parties are required to abide by the requirements of Local Rule 16.2. (Docket No. 33, p. 4). The Scheduling Order further requires Plaintiff to formulate and submit the Final Pretrial Order containing the signatures of all parties. (Docket No. 33, p. 4).

In addition, in denying Defendants' February 2, 2009 Motion to Dismiss, the Court further acknowledged that Bruder was "obliged to compile the order and convene a conference for *<u>the parties to meet, confer and collaborate in preparation of the proposed document</u>*." (Docket No. 80, p. 2) (emphasis added).  Further, the Court's Order states:

> If a party fails to cooperate with its obligation under Rule 16.2, a court has a variety of options, including the imposition of sanctions, refusing to permit testimony or evidence, and ultimately dismissing the claims. (Docket No. 80, pp. 2-3).

In addition, the Court, citing the Sixth Circuit decision in *Bawle v. Rockwell Intern. Corp.*, 29 Fed. Appx. 875, 878 (6th Cir. 2003), noted that in order to invoke the remedies in Local Rule 16.2(c), "the attorney's conduct must fall short of the obligations owed by a

Kitch Drutchas Wagner Valitutti & Sherbrook
Attorneys & Counselors At Law
One Woodward Avenue, Suite 2400
Detroit, MI 48226-5485
(313) 965-7900

6

member of the bar to the court and … cause additional expense to the opposing party." (Docket No. 80 at pp. 3-4).  Moreover, the Sixth Circuit acknowledged that "[u]nder the local rule, a district court has broad latitude to impose 'appropriate sanctions' on a party for failing to cooperate in preparing or submitting the joint final pretrial order." *Bawle, supra.*

Notably, the Court issued a warning to Ms. Bruder in footnote 5 of the September 30, 2009 Order, stating:

> Bruder is warned that any future failure or refusal to abide by the Local Rules of this District and/or the orders of the Court may result in such sanctions as may be deemed to be appropriate and authorized by law. (Docket No. 80, p. 4, n. 5).

Nonetheless, Plaintiff Maryann Bruder -- who is a practicing attorney in Michigan -- refused to follow the plain language of Local Rule 16.2(a), as well as the Court's July 27, 2007 Scheduling Order and the September 30, 2009 Order denying Defendants' Motion to Dismiss.

Although her attorney, Mr. Lyzohub agreed that the parties should confer and collaborate on the final pretrial order and attempted to do so, it is clear from Mr. Lyzohub's communications that Ms. Bruder and her "new attorneys" from Sakis & Sakis (who have not yet appeared or substituted in as counsel) refused to allow him to make any changes to the Plaintiff's version which was attached to the Response to Defendants' February 2, 2009 Motion to Dismiss. **Ex. F.**  Based on Mr. Lyzohub's communications, Ms. Bruder and her new attorneys insisted that this version be filed with the court and that Defendants were not permitted to make any amendments or revisions to it. **Ex. F.**

Kitch Drutchas Wagner Valitutti & Sherbrook
Attorneys & Counselors At Law
One Woodward Avenue, Suite 2400
Detroit, MI 48226-5485
(313) 965-7900

7

Over Defendants' objections and notice that they would not agree to the Plaintiff's version of the Final Pretrial Order, Ms. Bruder filed the Plaintiff's version of the Final Pretrial Order. **Exs. F, G and I.** Incredibly, although Ms. Bruder refused to collaborate and confer with Defendants on the preparation of this Final Pretrial Order and refused to permit Defendants to amend or revise it, she saw fit to make her own revision by adding Theresa Lingi as a witness, whom Plaintiff has never before disclosed to Defendants. **Exs. G and I.**

By refusing to collaborate with Defendants or allow them to make any amendments or revisions to its portion of the final pretrial order, Plaintiff has interfered with Defendants' ability to present its claims, defenses, and objections to the Court. Notably, Plaintiff's complete refusal to cooperate with Defendants in the preparation of this final pretrial order has even precluded Defendants from making revisions to reflect the Court's September 30, 2009 evidentiary rulings. Plaintiff has refused to permit Defendants to enter objections to her witnesses, experts and exhibits, many of which were not previously disclosed by Plaintiff in initial disclosures or on her witness list.

This is the second time that Plaintiff has either failed or refused to comply with Local Rule 16.2 and the Court's July 27, 2007 Scheduling Order (Docket No. 33). The Court has already warned Ms. Bruder that any future failure to abide by the Local Rules and/or orders of the Court may result in sanctions. (Docket No. 80, p. 4, n. 5). Despite these warnings, Ms. Bruder still refused to abide by this Court's Orders and the Local Rules. **Exs. F, G and I.** Despite Defendants' attempts to collaborate with Plaintiff on the Joint Final Pretrial Order, Ms. Bruder refuses to comply with requirements of the Local

Kitch Drutchas
Wagner Valitutti &
Sherbrook
Attorneys & Counselors At
Law
One Woodward Avenue,
Suite 2400
Detroit, MI 48226-5485
(313) 965-7900

Rule 16.2, despite the Court's specific instructions in the September 30, 2009 Order (Docket No. 80) that she confer and collaborate with Defendants to prepare the final pretrial order.

Bruder's repeated and intentional refusal and/or failure to comply with the local rules and the Court's orders has resulted in Defendants incurring additional unwarranted expenses.  Bruder's actions are designed to do nothing more than interfere with Defendants' ability to defend against her claims and force Defendants to incur additional costs and attorney fees.  Notably,  Defendants have already had to incur several hours of attorney fees for the preparation and filing of an objection to Plaintiff's Joint Pretrial Order and this second Motion to Dismiss, as well as the additional expenses incurred in communicating with Mr. Lyzohub regarding Ms. Bruder's refusal to cooperate and collaborate in the final pretrial order.

KITCH DRUTCHAS
WAGNER VALITUTTI &
SHERBROOK
ATTORNEYS & COUNSELORS AT
LAW
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MI 48226-5485
(313) 965-7900

9

## CONCLUSION

WHEREFORE, Defendants respectfully request that this Court grant their Motion to Dismiss and award Defendants costs and attorney fees, or at a minimum, that Plaintiff be precluded from presenting any witness testimony or admitting exhibits at trial, and for such other further relief as this Court may deem just and equitable.

Respectfully submitted,

Kitch Drutchas Wagner Valitutti & Sherbrook

By: s/ Lori Keen Adamcheski
Karen B. Berkery (P38698)
Lori Keen Adamcheski (P69674)
ATTORNEYS FOR DEFENDANTS
ERIC SMITH AND MACOMB COUNTY
One Woodward Avenue, Suite 2400
Detroit, MI 48226-5485
(313) 965-2911

Dated: October 8, 2009          lori.adamcheski@kitch.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2009, I electronically filed above paper, with the Clerk of the Court using the ECF system which will send notification of such filing to Alexander V. Lyzohub.

By: s/ Lori Keen Adamcheski
LORI K. ADAMCHESKI
Attorney for Defendants
One Woodward Avenue, Suite 2400
Detroit, MI 48226-5485
(313) 965-2911
lori.adamcheski@kitch.com
P69674

Kitch Drutchas Wagner Valitutti & Sherbrook
Attorneys & Counselors At Law
One Woodward Avenue, Suite 2400
Detroit, MI 48226-5485
(313) 965-7900

DET02\1338235.01