UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARYANN K. BRUDER,

          Case No.: 05-74511

    Plaintiff,           Honorable Julian Abele Cook, Jr.

v.

ERIC SMITH and MACOMB COUNTY,

    Defendants.

ORDER

The Defendants, Eric Smith and Macomb County, have filed motion in another effort to obtain the dismissal of this case because, in their view, the Plaintiff, Maryann K. Bruder, has wilfully refused to collaborate with them in preparing the joint pretrial order that was submitted to the Court for filing on October 6, 2009. In support of their motion, the Defendants contend that Bruder's conduct violated Rule 16.2 of the Local Rules for the Eastern District of Michigan as well as an order of September 30, 2009 in which the Court, in explaining the application of this Local Rule, noted that "a plaintiff – such as Bruder – is obliged to compile the [joint pretrial order] and convene a conference for the parties to meet, confer and collaborate in preparation of the proposed document. E.D. Mich. R. 16.2." In a footnote, the Court also directed Bruder to file a copy of the proposed joint final pretrial order that had been attached to her response to the Defendants' first motion to dismiss.

In support of their motion, the Defendants have pointed to a series of alleged exchanges and counter exchanges between the parties relating to issues involving the text and the respective legal

1

and ethical responsibilities of their counsel. The net result of these salvos has produced a number of unresolved differences over the content of a proposed pretrial order which could, arguably, be resolved through a pointless, time-consuming and unnecessary hearing.  Such a hearing would amount to a so-called "he said, she said" session that would (1) produce very little, if any, enlightenment on the real issues in this case, (2) cast a "cloud" over the abilities of the attorneys in this legal proceeding to project substance over pettiness, and (3) have an adverse impact upon the effective and efficient administration of justice in this federal court.

In sum, the Court will decline to consider the Defendant's invitation to hold Bruder responsible for her alleged misdeeds. Moreover, a careful examination of the record makes it clear that neither Bruder, her former counsel, nor her current attorney acted in bad faith when seeking to prepare and file the joint pretrial order.  To the contrary, it appears that they took an objectively reasonable interpretation of footnote three of the September 30, 2009 order which, in reference to the proposed joint pretrial order that had been attached to Bruder's responsive pleading, directed her to "file this joint pretrial order with the Clerk of the Court" within seven days.  As noted in an earlier decision by the Court on this issue:

> According to Rule 16.2, a plaintiff - such as Bruder - is obliged to compile the order and convene a conference for the parties to meet, confer and collaborate in preparation of the proposed document. E.D. Mich. R. 16.2. If a party fails to cooperate with its obligations under Rule 16.2, a court has a variety of options, including the imposition of sanctions, refusing to permit testimony or evidence, and ultimately, dismissing the claims. . . .
>
> Notwithstanding the authority which has been conferred upon the Court by Rule 16.2, the dismissal of a party's claim – as the Defendants request here – is a harsh sanction. The Court holds a similar view of the Defendants' alternate request to preclude Bruder from presenting any witness testimony or admitting exhibits at trial. The Sixth Circuit has opined that, although bad faith is not a prerequisite to the remedies authorized by Rule 16.2(c), "the attorney's conduct must fall short of the obligations owed by a member of the bar to the court and . . . cause additional expense to the opposing party."

> *Bawle v Rockwell Intern. Corp.*, 79 Fed. Appx. 875, 878 (6th Cir. 2003). The Defendants have failed to identify any conduct on the part of Bruder or her counsel that would justify the imposition of the requested extraordinary sanctions.

The very same reasoning applies to the Defendants' current motion, which again requests extraordinary sanctions. The Defendants have – for a second time – failed to identify any conduct that "fall[s] short of the obligations owed by a member of the bar to the court." *Bawle, supra.* The Court finds the Defendants' requests for a dismissal or to preclude Bruder from presenting any witness testimony or admitting exhibits at trial to be without justification. As a result, the Defendants' motion to dismiss must be, and is, denied.

IT IS SO ORDERED.

Dated: December 15, 2009          S/Julian Abele Cook, Jr.
     Detroit, Michigan          JULIAN ABELE COOK, JR.
                                         United States District Court Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on December 15, 2009.

                                                                                              s/ Kay Doaks
                                                                                              Case Manager