UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARYANN K. BRUDER,

   Plaintiff,

v.                 Case No.: 05-74511
                    Honorable Julian Abele Cook, Jr.
ERIC SMITH and MACOMB COUNTY,

   Defendants.

## ORDER

   Currently pending before the Court are the parties' cross-motions for a judgment as a matter of law under Fed. R. Civ. P. 50(a). For the reasons that have been set forth below, the Court will deny both requests.

   At the end of the Plaintiff's case and again at the close of all of the evidence in this jury trial, the Defendants made an oral request to the Court for the entry of a judgment in their favor as a matter of law under Federal Rule of Civil Procedure 50(a). On February 3, 2010, the Plaintiff submitted an identical oral request for relief following the completion of the Defendants' proofs. Their respective requests were taken under advisement and the judgments on the pending motions were reserved pursuant to Rule 50(b).

   Under Rule 50(a),[1] a party may challenge the sufficiency of the evidence prior to the

---

[1] This Rule, which authorizes a court to use its discretion in granting such a motion, provides in pertinent part:

  Judgment as a Matter of Law.

1

submission of the case to the jury. In evaluating a Rule 50(a) motion, a court must review all of the evidence and draw all reasonable inferences in a light that is most favorable to the non-moving party without making any credibility determinations or weighing the evidence. *Jackson v. Quanex Corp.*, 191 F.3d 647, 657 (6th Cir.1999). Based on a careful review of the record, the Court finds that it must deny both of the parties' Rule 50(a) motions in all respects.

In examining the Plaintiff's due process claims, she presented documentary evidence, her own statements under oath, as well as the trial testimony of James Meyerand which – when viewed in a light that is most favorable to her – would have allowed the jury to find that she had been wrongly denied (1) oral or written notice of the charges against her, (2) an explanation of the employer's evidence against her, or (3) an opportunity to present her side of the story on the contested issues before being fired. *Molina-Crespo v. U.S. Merit Systems Protection Bd.*, 547 F.3d 651, 661 (6th Cir. 2008) (citing *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 542, 546 (1985)). Therefore, the Defendants' Rule 50(a) request for a judgment as a matter of law on this issue must be denied.

---

(1) In General. If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:

(A) resolve the issue against the party; and

(B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

(2) Motion. A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

Nevertheless, there was also a sufficiency of documentary evidence and testimony during the trial from James Meyerand and other witnesses from which a reasonable jury could have returned a verdict in favor of the Defendants. Thus, the Plaintiff's cross-motion for a judgment as a matter of law under Rule 50(a) on her due process claim must also be denied.

The Court reaches a similar result after evaluating the Plaintiff's retaliation claim. She produced evidence which included pertinent documents, her own testimony as well as the trial assertions by a fellow co-worker, John Courie, from which the jury could have reasonably inferred that (1) she was engaged in a protected activity, (2) she was fired, and (3) the Defendants harbored a retaliatory reason for the challenged discharge because of her protected conduct. *Lindsay v. Yates,* 578 F.3d 407, 418 (6th Cir. 2009).

For the same substantive reasons, the Plaintiff's request for a judgment of a matter of law on her retaliation charge must be denied. Indeed, there was ample testimony from other members of the Macomb County Prosecutor's office (i.e., James Langtry, Robert Merrelli, and Therese Tobin) from which the jury could have reasonably concluded that the Defendants had a legitimate business reason for firing the Plaintiff. There was also a sufficient amount of evidence (e.g., recommendations from the hearing board) from which the jury could have inferred that the Defendants had a legitimate basis for terminating the Plaintiff's employment notwithstanding her protected activity. Accordingly, the Plaintiff's motion for a judgment as a matter of law on her claim of retaliation must be denied.

Turning to the question of damages, neither party is entitled to prevail on their request for a Rule 50(a) motion. If the jury had been inclined to believe the trial evidence that had been proffered by the Plaintiff (i.e., her own testimony, as well as the statements of her pastor and therapist), it could have reasonably returned a verdict in her favor on the basis of that which it perceived to be her

3

claim for emotional damages. Therefore, the Court declines to grant the Defendants' request for the entry of a judgment as a matter of law on this point. Additionally, the Plaintiff's identical request for a favorable judgment under Rule 50(a) must also be denied. The Defendants have correctly pointed out that the jury could have chosen to reject the Plaintiff's evidence or conclude that she had failed to mitigate any psychological damages by waiting until 2009 to seek therapy or counseling.

Finally, the Court concludes that, through the testimony of the Defendant, Eric Smith, the Plaintiff presented a sufficient amount of evidence from which the jury could find that he was "callously indifferent" to her due process rights. Moreover, the same evidence which supports the Plaintiff's claim for retaliatory discharge could also support an inference that Smith had acted with an "ill will" toward her. Inasmuch as these facts tend to reasonably suggest that the Smith operated with a reckless disregard for the Plaintiff's due process rights, the question of punitive damages was properly left for the jury to decide. *Hill v. Marshall*, 962 F.2d 1209, 1217 (6th Cir.1992). Accordingly, the Court denies both parties' request for the entry of a judgment as a matter of law on the issue of punitive damages.

## II.

For the reasons that have been stated above, the Defendants' request for a judgment as a matter of law must be, and is, denied. Furthermore, the Plaintiff's identical request for a judgment as a matter of law must be, and is, denied.

IT IS SO ORDERED.

Dated:  February 16, 2010                                      S/Julian Abele Cook, Jr.
       Detroit, Michigan                                          JULIAN ABELE COOK, JR.
                                                                  United States District Court Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on February 16, 2010.

                s/ Kay Doaks
                Case Manager