UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MARYANN K. BRUDER,

        Plaintiff,

v.                                                    Case No.: 05-74511

                                                    Honorable Julian Abele Cook, Jr.

ERIC SMITH and MACOMB COUNTY,
        Defendants.


ORDER

       The Plaintiff, Maryann K. Bruder, initiated this lawsuit against the Defendants, Macomb County Prosecutor Eric Smith and Macomb County (Michigan), on November 29, 2005. During the initial years of this litigation (from November 11, 2005 until approximately March 24, 2008), the Plaintiff was represented by the law firm of Pitt, McGehee, Palmer, Rivers & Golden, P.C. (PMPRG). Thereafter, she consented to the successive substitution of two other law firms, both of whom agreed to represent her interests in the prosecution of this case. On November 18, 2009, PMPRG filed a motion in which it asked the Court to enter an interim judgment that, if granted, would enter an award of attorney fees and costs in the amount of $64,380 in its favor. In a response that was filed on December 2, 2009, the Defendants expressed their opposition to this request.[1]

       Without any explanation or obtaining authority from the Court for an extension of time,

---

[1]Nearly two weeks later on December 14, 2009, the Plaintiff filed a one-sentence pleading in which she concurred with the relief that had been requested by PMPRG.

1

PMPRG filed an untimely reply to the Defendants' response. Since this pleading by PMPRG was filed well beyond the seven day time limitation, as set forth in Rule 7.1(d)(2)(C) of the Local Rules for the Eastern District of Michigan, the Court will not consider it for the purpose of deciding the pending motion.

I.

The Plaintiff retained PMPRG in November of 2005 to represent her interests in this litigation. PMPRG filed a complaint on the Plaintiff's behalf in which she alleged that the Defendants had knowingly and intentionally (1) deprived her of a fundamental right to due process under the United States Constitution and in violation of 42 U.S.C. § 1983 and (2) subjected her to unlawful and illegal acts of retaliation as an employee of the Prosecutor's Office in Macomb County, Michigan. In conjunction with her complaint, she also petitioned the Court to grant her request for (1) an immediate reinstatement to her position as an Assistant Prosecuting Attorney, (2) back pay, and (3) a judicial directive that would require the Defendants to afford her with due process in all future legal disputes. Although the Plaintiff's application for a temporary restraining order was denied, the Court - following a two day hearing on December 22, 2005 - granted her motion for a preliminary injunction after concluding that she had "sustained her burden of demonstrating a strong likelihood of success on the merits." An appeal by the Defendants followed. However, the Sixth Circuit dismissed their appeal on January 26, 2007 and, thereafter, remanded the case for further proceedings in an unpublished opinion. *Bruder v. Smith*, 215 Fed. Appx. 412 (6th Cir. 2007). In reaching this result, the Sixth Circuit observed that:

> the Plaintiff has a continuing action for, *inter alia*, money damages and attorney's fees under 42 U.S.C. § 1983 for the same alleged constitutional violation that formed the basis of the preliminary injunction. This litigation, if pursued by the parties, will produce a final decision on the merits. These issues are very much live . . . ." *Id.* at

416-17.

A review of the official record reveals that PMPRG represented the Plaintiff in securing the preliminary injunction, defending the appeal to Sixth Circuit, and in opposing the Defendants' partially unsuccessful request for the entry of a summary judgment. In pursuit of its now pending motion, PMPRG notes that it also conducted necessary discovery on behalf of the Plaintiff, reviewed pertinent litigation documents, and served as legal counsel during her deposition. Furthermore, PMPRG maintains that this activity on behalf of the Plaintiff, when coupled with her successful quest for the issuance of a preliminary injunction and in challenging the Defendants' efforts before the Sixth Circuit justify an award of reasonable attorney fees and costs in its favor.

II.

In support of its motion, PMPRG cites 42 U.S.C § 2000-e(5)(k), which states in relevant part that "[i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs." Although it was not referenced directly by PMPRG, 42 U.S.C. § 1988(b) similarly allows a successful litigant of a § 1983 claim to recover fees and costs: "[i]n any action or proceeding to enforce a provision of section[ ] . . . 1983 . . . of this title . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." PMPRG also seeks to obtain a taxation in the form of costs under the authority of 28 U.S.C. § 1920, which permits a judge to impose costs for several items, including fees of the clerk and the United States Marshal, fees of the court reporter, fees and disbursements for printing and witnesses, copying fees, and docket fees.

In interpreting these and similar provisions, the Sixth Circuit has held that to be considered a "prevailing party," a litigant must "succeed on any significant issue in the litigation which achieves

3

some of the benefit the parties sought in bringing suit." *Deja Vu v. Metropolitan Government of Nashville and Davidson County, Tennessee,* 421 F.3d 417, 419-420 (6th Cir. 2005). Quoting *Farrar v. Hobby*, 506 U.S. 103, 113 (1992), the *Deja Vu* court explained that "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties . . . in a way that directly benefits the plaintiffs." The court also noted that a party who even partially prevails may claim attorney's fees commensurate to that party's success.

The Defendants oppose PMPRG's request for relief for two reasons. First, citing *Brown v. General Motors Corp.,* 722 F.2d 1009, 1011 (2nd Cir. 1983), they note that under 42 U.S.C. § 1988, only the prevailing party – but not the party's lawyer – is entitled to seek attorney's fees. Furthermore, the Defendants maintain that the Plaintiff does not achieve the status of being a "prevailing party" solely because of her successes before this Court and the Sixth Circuit. Finally, the Defendants assert that even if PMPRG's request for relief is granted, the firm improperly seeks to obtain fees and costs for events that transpired after the Plaintiff's request for a preliminary injunction had been granted.

After carefully reviewing the record and positions of the principals in this controversy, the Court notes that PMPRG's pleading clearly suggests that the firm has filed this motion on its own behalf - rather than in the name of the Plaintiff. The record in this cause reflects that the Plaintiff officially terminated the services of PMPRG in May 2008. Yet, the motion's introductory paragraph states that "Attorneys Robert W. Palmer, Michael L. Pitt and Beth M. Rivers" – [not the Plaintiff] – "move this Honorable Court for entry of Judgment *awarding the law firm of Pitt, McGehee, Palmer, Rivers & Golden, P.C. . . .* a Judgment for Interim attorney fees, costs and interest for

4

services. . . ." (PMPRG Motion at page 1) (emphasis supplied). Although the Plaintiff filed a one-sentence document in which she concurred in the relief requested by the PMPRG law firm,[2] even there she acknowledged that the relief requested was not being sought by her, but "by her former attorneys. . . ." (Plaintiff's concurrence). Under these circumstances, the Court concludes that PMPRG, having been relieved of its legal responsibilities by the Plaintiff, is now seeking fees on its own behalf. The law does not permit such an arrangement. *See generally, King v. Commissioner of Social Sec.*, 230 Fed. Appx. 476, 480-81 (6th Cir. 2007) (noting that in *Brown,* "fees were not warranted because the attorney had been 'discharged by [the party] because of the latter's dissatisfaction with his representation," and opining that "if courts allowed fees in such situations, 'clients' control over their litigation would be subject to a veto by former attorneys no longer under an obligation of loyalty and perhaps aggrieved by the circumstances of their discharge." (modification in original)).

Even if the Court is inclined to construe this motion as one that had been brought by the Plaintiff, PMPRG has not established that she is or was a "prevailing party" under § 1988. A district court may award interim attorney's fees during the pendency of litigation when "the court has entered a concrete order that determines substantial rights of the parties, meaning when a party has prevailed on the merits of at least some of [her] claims." *Webster v. Sowders*, 846 F.2d 1032, 1036 (6th Cir.1988) (quoting *Hanrahan v. Hampton*, 446 U.S. 754, 757-58 (1987)).[3] Nevertheless, the Court

---

[2]The Plaintiff filed her concurrence on December 14, 2009, approximately twenty-six (26) days after PMPRG filed its motion for interim costs and attorneys fees.

[3]Because PMPRG filed this pleading as an <u>interim</u> request for costs and attorney's fees prior to the commencement of the trial, the Court is not bound by the analysis of *Sole v. Wyner*, 551 U.S. 74, 86 (2007). There, the Court addressed a related but distinct question; namely, whether a plaintiff who gains a preliminary injunction after an abbreviated hearing, but is denied

5

is not persuaded by PMPRG's contention that the identified successes and work on behalf of its client during the infancy of this action have made the Plaintiff a prevailing party. It is true that, generally speaking, a plaintiff who wins injunctive relief may be deemed to be a prevailing party, as long as the injunctive order "indicates probable success on the merits and is not merely procedural or a maintaining of the status quo." *Bazzetta v. McGinnis,* 290 Fed. Appx. 905, 908 (6th Cir. 2008). Here, the Court entered an order which (1) granted the Plaintiff's request for a preliminary injunction and (2) directed the Defendants to reinstate the Petitioner to her position with back pay. Nevertheless, the decision by the Court was guided in part by the Plaintiff's representation that she was without a job, was in serious financial distress, and that absent immediate relief, the Defendants would fill the vacancy for her position. Therefore, the directive of the Court was largely designed to restore the status quo among the parties to prevent the Plaintiff from suffering further irreparable harm. Contrary to PMPRG's suggestion, the Court did not decide the legal validity of the Plaintiff's lawsuit in granting her request for a preliminary injunction. Instead, the Court merely found that the Plaintiff had established a strong likelihood of success on the merits of her claims. The ultimate task of deciding whether she was denied due process or suffered a retaliatory discharge by the Defendants were matters that were properly left for consideration by a jury. Inasmuch as the legal questions presented by this lawsuit remained viable after the award of a preliminary injunction, the Plaintiff's initial victory was temporary in nature. Accordingly, the Court finds that she was not a "prevailing

---

a permanent injunction after a dispositive adjudication on the merits, qualifies as a prevailing party under § 1988. In addressing that question, the Supreme Court held that "[a] plaintiff who 'secures a preliminary injunction, then loses on the merits as the case plays out and judgment is entered against her has won a battle but lost the war," and as such "does not qualify for an award of counsel fees under § 1988(b) if the merits of the case are ultimately decided against her." *Id.* at 86 (internal citations and quotations omitted).

party" as contemplated by § 1988.

### III.

For all of the reasons stated above, PMPRG's interim motion for the entry of a judgment for costs and attorney fees must be, and is, denied.

IT IS SO ORDERED.

Dated: February 25, 2010                            S/Julian Abele Cook, Jr.
         Detroit, Michigan                      JULIAN ABELE COOK, JR.
                                                    United States District Court Judge

### Certificate of Service

I hereby certify that on February 25, 2010, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                                                   s/ Kay Doaks
                                                                                   Courtroom Deputy Clerk